UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES K. DUKES, SR.**                  **PLAINTIFF**

**V.**            **CIVIL ACTION NO. 1:06CV478 LTS-RHW**

**STATE FARM FIRE & CASUALTY COMPANY**
**and CLYDE J. BRYANT and WILLIAM DAVID SHULL**     **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiff James K. Dukes, Sr.'s (Dukes) motion to remand and his incorporated motion for the imposition of sanctions for frivolous removal. For the reasons set out below, the motion to remand will be granted and the motion for sanctions will be denied.

This is an action for property damage sustained during Hurricane Katrina. Dukes is the insured under a homeowners insurance policy issued by State Farm Fire & Casualty Company. The insured property is situated in Pearlington, Mississippi. Dukes purchased this policy through State Farm's local agents Defendants Clyde J. Bryant (Bryant) and William David Shull (Shull).

The insured property was extensively damaged during the storm. Dukes alleges that the storm damage was primarily attributable to hurricane winds and alternatively that water may have also contributed to cause the loss. Dukes alleges that this property sustained damage that was similar, though not as extensive, during Hurricane Isadore in 2002. (Complaint Paragraph 18)

Dukes alleges that Bryant made oral assurances to him that this property was fully covered for any damage the property might sustain during a hurricane. (Complaint Paragraph 16)

In Count I of the complaint, Dukes alleges that Bryant and Shull engaged in fraudulent misconduct by representing to him that the State Farm policy in question would cover all the damages his property might sustain in a hurricane, including damage from wind and water. (Complaint Paragraphs 24 through 30) Dukes has alleged that he relied upon the representations Bryant and Shull made, and he charges that in making these representations Bryant and Shull were grossly negligent.

In Count III of the complaint, Dukes alleges that Bryant and Shull were negligent in obtaining the insurance coverage at issue in this case. Dukes alleges that Bryant and Shull held themselves out as experts in the field of insurance, that he "relied upon them exclusively to formulate an insurance program sufficient to protect him from risks to the Insured Premises, such as damage caused by Hurricanes." (Complaint Paragraph 40) Dukes alleges that Bryant and Shull were familiar with the insured property and with its proximity to the Mississippi Gulf Coast and the Pearl River. (Complaint Paragraph 40) Dukes asserts, apparently in the alternative, that in the event the damage to his property was caused by water, a peril excluded under the terms of his homeowners policy, Bryant and Shull are liable for this uninsured loss because they were negligent in failing to recommend or secure coverage for flood damage.

In Count V, Dukes alleges that an unidentified State Farm representative made a statement to him on October 21, 2005, to the effect that the payment State Farm made to Dukes for damage sustained in Hurricane Isadore was a mistake. He alleges that Defendants Bryant and Shull were under a duty to notify him that State Farm has reached this conclusion and, in response to State Farm having reached this conclusion, to secure additional coverage for Dukes. (Complaint Paragraphs 43 through 45)

Dukes has alleged that he had a long standing relationship with both of the State Farm agents. The complaint alleges that his reliance on these individual defendants to secure coverages adequate for his needs was based, at least in part, in the nature of this long-standing business relationship.

State Farm has removed this action on grounds of diversity of citizenship, alleging that Dukes has fraudulently joined Bryant and Shull in order to defeat diversity jurisdiction. This is an issue on which State Farm has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

Allegations of the Complaint

Dukes has alleged claims of negligence, gross negligence, and fraud against the individual defendants. As I appreciate the essence of these allegations, Dukes asserts that his business relationship with these individual defendants was long-standing and that because of this relationship he relied upon these individuals to properly assess his

insurance needs and advise him accordingly.  Dukes alleges that Bryant gave him broad assurances that the property in question was properly covered for any damages that might be reasonably anticipated.  Dukes alleges that his reliance in these circumstances was reasonable.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit one of Dukes's theories of recovery against Bryant and Shull.

Of course, the truth of Dukes's allegations; the circumstances in which the events in question transpired; the question what coverages were discussed and what decisions on coverage were made; the reasons for these decisions; and the issues Dukes raises concerning the treatment of his prior loss in Hurricane Isadore are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, Dukes's allegations must be accepted as true; he must be granted all

reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Dukes's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Bryant and Shull and State Farm have failed to establish that Dukes has no viable legal theory upon which he may proceed against Bryant and Shull under Dukes's version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

I do not believe that this action was removed for the purpose of causing delay or for any purpose other than State Farm's good faith belief that they could carry their burden of proving that a fraudulent joinder had occurred.  Thus, while I have decided that the case should be remanded, I do not find that removal of this action was frivolous.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge